UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON PORTER,

                   Plaintiff,

          -against-

ERROL D. TOULON, Jr,

                  Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

23-CV-8257 (NRM)(ARL)

NINA R. MORRISON, United States District Judge:

    *Pro se* plaintiff Jason Porter brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983"). Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons that follow, the complaint is dismissed, with leave to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

    The following factual allegations are summarized from the complaint and are assumed to be true for purposes of this Order. Plaintiff is currently incarcerated at the Riverhead Correctional Facility in Suffolk County. Compl., ECF No. 1 at 5. He alleges that "[n]egligently, [a]gainst the warning label on the Xanax bottle, the [n]urses here at Suffolk County Correctional have been crushing the Xanax pills upon administering them to the inmates." *Id.* at 6.[1] The warning label also warns against prescribing this medication to individuals with high blood pressure. *Id.*

---

[1] All page references use ECF pagination except where noted.

Plaintiff has been on blood pressure medications for over ten years, and medical staff at the facility were aware of his medications. *Id.*

In June (year not stated), Plaintiff filed a grievance about the dangers of crushing the Xanax he was receiving, but the grievance officer denied the grievance and medical staff continued to crush the pills. *Id.* at 7. Plaintiff suffered a mild heart attack on October 5, 2023. *Id.* at 6. After the heart attack, Dr. Gerosi (first name not stated) changed the medications. *Id.* at 7. Nonetheless, Plaintiff's blood pressure remains elevated. *Id.* Plaintiff asserts "criminal negligence." *Id.* He seeks $2,000,000 in damages. *Id.* at 5.

On March 13, 2024, the Court received a letter from Plaintiff in which he requested assistance in understanding the Section 1983 discovery process. ECF No. 8. The letter alludes to video footage of an assault on Plaintiff by Officer Higgins and requests the Court's assistance in preserving the video evidence. *Id.* at 1. Plaintiff sent a second letter, received by the Court on June 28, 2024, renewing his request for assistance in preserving "all evidence i.e. video footage and photos of the claimant" from the Suffolk County Correctional Facility. ECF No. 9. Neither letter provides the date of the incident(s) for which he seeks to have video and photographic records preserved.

Plaintiff's last letters indicated that as of February 13, 2025, he had been transferred to the Mid-State Correctional Facility, and according to the DOCCS inmate locator service, he was released from the Mid-State Correctional Facility on or about March 17, 2025; as of the date of this Order, Plaintiff has not provided an

2

updated address to the Court.

## DISCUSSION

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Under the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must include facts that show that the defendant may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" is not enough. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only basic claims without any factual details. *Iqbal*, 556 U.S. at 678. The Court assumes that the allegations contained in the complaint are true but does not have to accept the complaint's legal conclusions. *Id.*

Plaintiff alleges "criminal negligence," but merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) ("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Claims for negligence may arise under state law, but not in federal court. *See, e.g.*, *Gibson v. Pasta City*, No. 1:23-CV-9112 (LTS), 2023 WL 8188431, at *3 (S.D.N.Y. Nov. 27, 2023) ("The negligence of a state official is not a viable basis for a claim of a federal constitutional violation under Section 1983.").

Moreover, private citizens do not have the power to instigate prosecutions of alleged crimes. The decision to investigate or prosecute a person for an alleged violation of a criminal statute is left to the discretion of law enforcement agencies. *See United States v. Armstrong,* 517 U.S. 456, 464 (1996) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by

4

statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion" (quotation marks omitted)).   It is settled law that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").   For these reasons, Plaintiff cannot bring claims for "criminal negligence" in federal court.

However, Plaintiff may have claims for civil rights violations.   Individuals who are incarcerated or detained have constitutionally protected rights to humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security.   *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994) ("[The Eight Amendment] imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]" (quotation marks omitted)).   Inadequate medical treatment may violate the Eighth and Fourteenth Amendments where an individual in custody alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth

Amendment).   The Eighth and Fourteenth Amendments also prohibit the excessive

use of force.   *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981) (the Eighth

Amendment protects against the infliction of "cruel and unusual punishment," which

includes the "unnecessary and wanton infliction of pain").

A claim alleging deprivation of constitutional rights may be brought pursuant

to 42 U.S.C. § 1983.   Section 1983 requires that a plaintiff demonstrate that the

challenged conduct was "committed by a person acting under color of state law," and

that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured

by the Constitution or laws of the United States."   *Cornejo v. Bell*, 592 F.3d 121, 127

(2d Cir. 2010).   To bring a claim pursuant to § 1983, a plaintiff must show that each

of the named defendants was personally involved in the wrongdoing or misconduct

complained of.   *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).   "Because

vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has

violated the Constitution."   *Iqbal*, 556 U.S. at 676.

In this case, Plaintiff names the Suffolk County Sheriff, Errol Toulon, Jr., as

the only Defendant.   But he does not allege that this supervisory official participated

in the alleged violation of his rights, or could otherwise be held liable for any

deprivation of Plaintiff's constitutional rights. Accordingly, the claims against

Defendant Toulon are dismissed for failure to state a claim, pursuant to 28 U.S.C. §

1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, he is granted leave to file an amended

6

complaint within 30 days.  In order to proceed, he must identify the individual or individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights.  If he does not know the name and badge number of the staff members who are alleged to have provided inadequate medical care, he may identify them as John Doe Nurse or Jane Doe Medical Officer #1, or similar, and provide a physical description and details of what the defendant did or failed to do in violation of Plaintiff's civil rights.  Should Plaintiff wish to include any claims related to an alleged attack by corrections officers, he must name the officers as defendants and describe what happened and when it happened. Any amended complaint must be captioned, "Amended Complaint," and bear the same docket number as this order, 23-CV-8257.  Plaintiff is advised that an amended complaint completely replaces all prior pleadings, and thus must include all of the claims and factual allegations he wishes to pursue.

Plaintiff has requested the Court's assistance in preserving video evidence. However, while Plaintiff requests "all . . .video footage and photos of the claimant," and does not provide dates or details of incidents for which he believes evidence related to his lawsuit is available.  Discovery generally does not commence until after defendants have been served and responded to the complaint and the Court holds an initial conference.  If Plaintiff files an amended complaint naming the proper parties and asserting sufficient claims to proceed, the Court will refer the matter to Magistrate Judge Arlene R. Lindsay for pretrial proceedings, at which time

Judge Lindsay can consider Plaintiff's request for preservation and production of evidence.

## **CONCLUSION**

For the reasons set forth above, the named Defendant is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff is given leave to file an amended complaint as directed above.   No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.   If Plaintiff fails to file an amended complaint within thirty days of the date of this Order, the complaint will be dismissed and judgment shall enter.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is requested to mail a copy of this Order to Plaintiff at his last known address (Mid-State Correctional Facility, Box 2500, Marcy, New York 13403), with DIN 24-B-0357, and note the mailing on the docket.   Should Plaintiff wish to continue with this lawsuit, he is directed to confirm his current mailing address.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: April 7, 2025
       Brooklyn, New York

8